775 P.2d 1241

STATE of Idaho, Plaintiff–Respondent,

v.

Earl Leroy CAHOON, Defendant–Appellant.

No. 17324.

Supreme Court of Idaho.

July 6, 1989.

Dan J. Rude, Coeur d'Alene, Idaho, for defendant-appellant.

Jim Jones, Atty. Gen. and Lynn E. Thomas, Sol. Gen. (argued), for plaintiff-respondent.

HUNTLEY, Justice.

In the early morning hours of August 10, 1986, police officers stopped the Cahoons' car apparently because they were suspicious that Mrs. Cahoon was driving under the influence. After the stop, Mr. Cahoon

decision and opinion prior to his death.

engaged in an altercation with the officers and was arrested. He was charged on an Idaho Uniform Traffic Citation form with "resisting, obstructing and delaying an officer" in violation of I.C. § 18–705 on the 10th day of August, 1986, at 1:10 a.m. Mr. Cahoon was subsequently found guilty in a jury trial. Six days after the trial, on the date that had been set for sentencing, Cahoon's attorney filed a motion to dismiss the charge. He claimed that the citation was insufficient to charge the offense and that the court therefore lacked jurisdiction. The magistrate granted the motion. The State appealed to the district court which reversed the magistrate. The district judge held that the citation adequately charged the offense and that the defendant had not alleged or shown that he was prejudiced by the form of the charge in the citation. Cahoon appeals the district court decision.

In essence, this case presents an issue of notice, that being whether the citation given to Mr. Cahoon adequately apprised him of the charges so that he could prepare a defense. Idaho Code § 18–705 reads:

Every person who willfully resists, delays or obstructs any public officer, in the discharge, or attempt to discharge, of any duty of his office or who knowingly gives a false report to any peace officer, when no other punishment is prescribed, is punishable by a fine not exceeding one thousand dollars ($1,000), and imprisonment in the county jail not exceeding one (1) year.

Cahoon asserts that the officer's inscription of the date, time, the words "resisting, obstructing and delaying an officer" and the number of the applicable code section (I.C. § 18–705) on the preprinted Uniform Citation Form was not sufficient and failed to charge an offense, because it (1) did not set forth all of the elements of the offense, and (2) did not set forth the facts upon which the charge was based. Cahoon made no motion for dismissal or objection to the citation until after he had gone to trial and had been found guilty by the jury. The misdemeanor was not charged in a formal complaint, but only in the uniform citation prepared by the police officer.

Idaho Criminal Rule 12(b) provides in part:

The following must be raised prior to trial:

\* \* \* \* \* \*

(2) Defenses and objections based on defects in the complaint, indictment or information (other than it fails to show jurisdiction of the court or to charge an offense which objection shall be noticed by the court at any time during the pendency of the proceedings); ...

This provision would appear to allow counsel to keep silent about a document's failure "to charge an offense" until after trial. However, Federal Rule of Criminal Procedure 12(b)(2) is essentially identical to Idaho's rule and the federal courts have consistently held that an indictment not challenged before trial would be upheld unless it is so defective that it does not, by any fair or reasonable construction, charge an offense for which the defendant is convicted.

The reasons for this rule were discussed in *United States v. Pheaster*, 544 F.2d 353, 360, 361 (9th Cir.1976), *cert. denied*, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977):

A challenge to the sufficiency of an indictment is not a game in which the lawyer with the sharpest eye or the cleverest argument can gain reversal for his client. " 'Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused.' " ...

. . . .

Failure of an indictment to state an offense is, of course, a fundamental defect which can be raised at any time. [Citations omitted.] However, the very limited resources of our judicial system require that such challenges be made at the earliest possible moment in order to avoid needless waste. Consequently, although such defects are never waived, indictments which are tardily challenged are liberally construed in favor of validity. For example, this Court held that when an indictment is not challenged be-

fore the verdict, it is to be upheld on appeal if " 'the necessary facts appear in any form or by fair construction can be found within the terms of the indictment.' " [Citations omitted.] In our view, the same standard should apply here, where the challenge came in a motion for acquittal after all evidence had been received. Such a long delay in raising the issue suggests a purely tactical motivation of incorporating a convenient ground of appeal in the event the jury verdict went against the defendants. Furthermore, the fact of the delay tends to negate the possibility of prejudice in the preparation of the defense.

544 F.2d at 360–361.

We hold that the citation here, considered in light of *United States v. Pheaster, supra,* did by fair and reasonable construction, charge the offense for which Cahoon was convicted.

Misdemeanor Criminal Rule 3(d) provides in part:

> In the event of a plea of not guilty to a uniform citation, a trial may be held on the complaint contained in the citation without making a sworn complaint, unless a sworn complaint is demanded by any party before trial.

Clearly, a uniform citation provides a simplified way of charging misdemeanors and infractions and resolving the resulting cases expeditiously. Its purpose is consistent with the goals of the Idaho Criminal Rules, which are to be "construed to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay." Idaho Criminal Rule 2(a). In *City of Barberton v. O'Connor,* 17 Ohio St.3d 218, 478 N.E.2d 803 (1985), the court made the following observations on a similar rules provision as it applied to citations:

> The purpose of the Ohio Traffic Rules is, in large part, to ensure *"simplicity* and uniformity *in procedure* * * ."* (Emphasis added.) Traf.R. 1(B). Simplicity in procedure does not mean unfairness in procedure, or indifference to the rights of the prosecution or the defense. It means that traffic court procedure is not controlled by the stricter, more elaborate rules that govern procedures in more serious cases. [Citation omitted.] Therefore, a complaint prepared pursuant to Traf.R. 3 simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand.

478 N.E.2d at 805. Under this standard, the citation in the present case was clearly sufficient. Cahoon could have utilized Misdemeanor Criminal Rule 3(d) to demand a sworn complaint had he been in doubt as to the nature of the offense charged. The decision of the district court is in all respects affirmed.

BAKES, C.J., and BISTLINE and JOHNSON, JJ., concur.

SHEPARD, J., sat but did not participate due to his untimely death.