895 P.2d 578

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Montgomery M. LEACH,
Defendant–Appellant.**

**No. 21215.**

Court of Appeals of Idaho.

April 4, 1995.

Review Denied June 6, 1995.

Knowlton, Miles, Merica & Brudie, P.A., Lewiston, for appellant. Charles E. Kovis argued.

Alan G. Lance, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This appeal follows from a judgment of conviction entered upon a conditional plea of guilty to a charge of aggravated assault. The conditional plea was made with the understanding that the defendant, Montgomery Leach, could seek appellate review of the denial by the district court of two motions by Leach to dismiss a prior charge of attempted rape. We uphold the denial of Leach's motions, and we affirm the judgment of conviction and sentence imposed for aggravated assault.

Leach initially was charged with rape. After Leach was bound over to the district court for trial, the prosecutor filed an amended Information, charging Leach with attempted rape. The amended Information alleged

[T]hat on the hereafter mentioned date(s) in the County of Nez Perce, in the State of Idaho, the defendant then and there being committed the crime(s) of:

ATTEMPTED RAPE, I.C. 18–6101(3) an[d] 18–306, a felony, on or about March 13, 1993 in that said defendant did feloniously, attempt but fail to accomplish an act of forcible sexual intercourse, at or near [address inserted] against [L.L.F.], a female person not his wife, and did further attempt to accomplish said sexual act by preventing the said female from resisting by holding her throat and/or telling her to be quiet and/or "shush" you will like it, . . . .

Leach entered a plea of not guilty to the charge, and the case was tried to a jury. When the State rested its case in chief, Leach moved to dismiss the amended Information on the ground that it failed to allege an essential element of the crime: the specific intent to commit a rape. The district court denied this motion, and Leach proceeded to present evidence in his defense. At the

conclusion of all of the evidence, Leach renewed his motion to dismiss. The court again denied the motion. The case then was submitted to the jury for deliberation. When the jury reported that it was unable to arrive at a verdict, the district court declared a mistrial and discharged the jury.

Before the case was retried, a plea agreement was reached pursuant to I.C.R. 11. The State agreed to amend the charge from attempted rape to aggravated assault, a felony. I.C. §§ 18-901, -905. Leach agreed to plead guilty to the assault charge, but reserved the right to seek appellate review of the denials of his motions to dismiss the attempted rape charge. The plea agreement further provided that if the defendant prevailed on his appeal, he would be allowed to withdraw his plea of guilty to aggravated assault. The agreement also specified that, following the guilty plea, any sentence imposed would be stayed; and that during the appeal process the defendant would be released on his own recognizance, subject to reasonable terms and conditions to be set by the court. Finally, the defendant retained the right to appeal any sentence imposed by the court on the aggravated assault conviction.

The plea agreement was accepted by the district court, and Leach pled guilty to the amended charge of aggravated assault. The court imposed a five-year unified sentence, with a two-year minimum period of confinement, entering an order also that the sentence be stayed pending appeal in accord with the plea agreement. This appeal ensued.

■ Although Leach reserved in the plea agreement the right to seek appellate review of the sentence imposed for aggravated assault, the issue he asserts on appeal does not raise any challenge to his sentence. He focuses only on the refusal of the district court to grant the motions to dismiss directed to the sufficiency of the amended Information that charged him with attempted rape. Leach argues that the amended Information was fatally defective because it charged him with attempted rape without also alleging that he had the specific intent to commit rape.

The question of the sufficiency of an Information with regard to inclusion of the elements of an offense was addressed by this Court in *State v. Robran,* 119 Idaho 285, 805 P.2d 491 (Ct.App.1991). We noted in *Robran* that:

Whether an Information conforms to the requirements of law is a question subject to free review. A legally sufficient Information is a plain, concise, and definite written statement of the essential facts constituting the offense charged. The sufficiency of an Information ultimately depends on whether it fulfills the basic functions of the pleading instrument. Under this functional analysis, we examine, first, whether the Information contains the elements of the offense charged and fairly informs the defendant of the charges against which he must defend, and second, whether it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

119 Idaho at 287, 805 P.2d at 493 (citations omitted).

In *Bates v. State,* 106 Idaho 395, 679 P.2d 672 (Ct.App.1984), we discussed the intent element required for attempted rape in the context of whether Bates' plea of guilty to that offense was voluntary, based upon the premise that—in order for a guilty plea to be voluntary—a defendant must be informed of the intent element requisite to the charged offense. There we held that, in addition to an overt act, a specific intent to commit rape is one of the elements of attempted rape that must be proved where the rape itself was not consummated.

■ We recognize that a properly drafted charging instrument in a criminal case should contain all essential elements of the alleged crime. *State v. McKeehan,* 91 Idaho 808, 815, 430 P.2d 886, 893 (1967). However, some latitude is allowed in determining the sufficiency of the charging instrument, depending upon the timing in the proceeding when the challenge to the sufficiency of the document is raised. The Idaho Supreme Court has rejected a claim that the charging document failed to set forth all of the elements of the offense, when the claim of insuf-

ficiency was not raised prior to trial. *State v. Cahoon*, 116 Idaho 399, 775 P.2d 1241 (1989). In *Cahoon*, the Court adopted the approach followed by federal courts, that "an indictment not challenged before trial would be upheld unless it is so defective that it does not, by any fair or reasonable construction, charge an offense for which the defendant is convicted." *State v. Cahoon*, 116 Idaho at 400, 775 P.2d at 1242. In this regard, the Court applied a principle discussed in *United States v. Pheaster*, 544 F.2d 353 (9th Cir. 1976), *cert. denied*, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977):

> Failure of an indictment to state an offense is, of course, a fundamental defect which can be raised at any time. However, the very limited resources of our judicial system require that such challenges be made at the earliest possible moment in order to avoid needless waste. Consequently, although such defects are never waived, indictments which are tardily challenged are liberally construed in favor of validity.

544 F.2d at 361 (citations omitted).

Here, the amended Information was not challenged by Leach prior to trial under I.C.R. 12(b). Instead, the challenge was first raised at the close of the State's evidence, and then was renewed at the conclusion of all of the evidence after both sides had rested. Consistent with the approach followed by *Cahoon* and *Pheaster*, we will construe the allegations of the amended Information liberally and in favor of its validity.

It is obvious that the charge of attempted rape set forth in the amended Information in this case did not include any allegation of specific intent on the part of Leach to commit a rape. However, we are not persuaded that inclusion in the amended Information of language describing the defendant's conduct as having occurred with the intent to commit rape, in addition to the recital of overt acts, would have meaningfully provided the defendant with any more information needed to properly defend against the charge or to protect him from future prosecution for the same criminal conduct otherwise alleged in the amended Information. Such language simply would have been redundant, by charging that the defendant committed certain acts constituting attempted rape with the intent to commit rape. Essentially, the allegation of an "attempt" to commit rape carried with it no other implication than that the defendant intended to commit rape when he engaged in the alleged overt acts.

Giving the amended Information a fair and reasonable construction, and by construing the document liberally in favor of its validity, we hold that the language charging Leach with attempted rape was not so defective as to fail to inform him of the element of intent to commit rape which was essential to the crime charged. As a result, we uphold the decisions of the district court denying Leach's motions to dismiss the amended Information.

Accordingly, the judgment of conviction and the five-year unified sentence, entered and imposed upon Leach's conditional plea of guilty to aggravated assault, are affirmed.

LANSING J., concurs.

CAREY, Judge pro tem., specially concurring.

The amended Information charging attempted rape contained the elements of the crime, fairly informed the defendant of the charge against which he must defend, and enabled him to plead an acquittal or conviction in bar of future prosecution for the same offense. The use of the word "attempt" in the Information imported a specific intent to commit the underlying crime. No additional language was necessary. The Information was legally sufficient regardless of whether the motion to dismiss had been made before or after trial.

I write this concurring opinion only to forestall any subsequent application for post-conviction relief claiming ineffective assistance of counsel because of the delay in moving to dismiss the information.