906 P.2d 636

STATE of Idaho, Plaintiff–Respondent,

v.

Gilbert CHAPA, Defendant–Appellant.

No. 21165.

Court of Appeals of Idaho.

July 31, 1995.

Rehearing Denied Oct. 6, 1995.

Petition for Review Denied Dec. 19, 1995.

Church, Snow & Haley, Burley, for defendant-appellant.

Alan G. Lance, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

LANSING, Judge.

Gilbert Chapa appeals from his conviction for rape, I.C. § 18–6101(3). Chapa asserts a number of grounds for reversal which can be summarized as follows: (1) the information under which he was convicted failed to properly allege the necessary elements of rape; (2) the district court erred in giving to the jury an accessory liability instruction; (3) the evidence adduced at trial was insufficient to support the jury's verdict; (4) his sentence as compared to that of a co-defendant violates constitutional guarantees of equal protection; and (5) his unified sentence of life imprisonment with a minimum term of twenty years constitutes an abuse of the district court's discretion. We find that the informa-

tion sufficiently alleged the crime of rape, but conclude that the jury's verdict and the judgment of conviction must be vacated due to error in instructing the jury. Because the judgment is vacated, we do not reach the remaining assignments of error.

## I.

According to the evidence presented by the State at trial, the female victim in this case was beaten and sexually assaulted by two men. Chapa and Roy R. Garcia were charged with rape in connection with the attack.

At trial, the victim testified as follows. She met Chapa and Garcia in a bar in Burley, Idaho on the night in question. They left the bar together and drove to a trailer home where an acquaintance of Chapa's resided. There they were joined by a third man. The victim and the three men left the trailer and departed in Chapa's automobile. They drove to an isolated area where Chapa and Garcia forcibly pulled the victim from the vehicle. After beating her with their fists, first Garcia and then Chapa had forced sexual intercourse with her. Following the rapes, the men left the victim and drove away. She made her way to a farmhouse and contacted the authorities.

The jury found Chapa guilty of rape, and a judgment of conviction was entered accordingly.[1]

## II.

We begin by considering Chapa's argument, raised for the first time in this appeal, that the information was insufficient because it did not allege all the elements of the crime of rape. The one-count information charged the offense as follows:

That the said defendant, Gilbert Chapa, on or about October 17, 1992, and before the filing of this Information, in the Coun-

ty of Cassia, State of Idaho, did feloniously accomplish an act of sexual intercourse with a female person, [the victim], where the act was accomplished by force and violance [sic]. All in violation of Idaho Code Section 18–6101(3).

Chapa argues that the information was fatally defective because it did not expressly allege that the victim resisted but her resistance was overcome by force or violence, an element of the offense defined by I.C. § 18–6101(3).[2]

We readily acknowledge that a well-drafted information charging a violation of I.C. § 18–6101(3) should include allegations that the victim resisted, and that her resistance was overcome by force or violence. We conclude, however, that the omission of these allegations is not fatal in this case.

 It must be observed at the outset that Chapa's tardiness in challenging the information affects the standard of scrutiny applied on review. Although an objection that an information fails to charge an offense may be asserted for the first time on appeal, I.C.R. 12(b)(2); *State v. Cahoon,* 116 Idaho 399, 400, 775 P.2d 1241, 1242 (1989); *State v. Robran,* 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct.App.1991), an information "not challenged before trial [will] be upheld unless it is so defective that it does not, by any fair or reasonable construction, charge an offense for which the defendant is convicted." *Cahoon,* 116 Idaho at 400, 775 P.2d at 1242; *State v. Leach,* 126 Idaho 977, 895 P.2d 578 (Ct.App.1995). Where the sufficiency of the information was not questioned prior to the verdict, the appellate court "has considerable leeway to imply the necessary allegations from the language of the Information." *Robran,* 119 Idaho at 287, 805 P.2d at 493. A technical deficiency that did not prejudice the defendant does not necessitate setting a con-

---

1. Garcia pleaded guilty to a reduced charge of battery with intent to commit a serious felony, I.C. § 18–911. This Court affirmed his judgment of conviction on appeal. *State v. Garcia,* 126 Idaho 836, 892 P.2d 903 (Ct.App.1995). The third man was not charged with a crime and testified against Chapa at trial.

2. At the time of the offense, I.C. § 18–6101 provided in pertinent part:

 Rape is an act of sexual intercourse accomplished with a female under either of the following circumstances:

 3. Where she resists but her resistance is overcome by force or violence.

viction aside. *Cahoon*, 116 Idaho at 400, 775 P.2d at 1242.

█ Here, the allegation that Chapa accomplished an act of sexual intercourse with the victim by use of force and violence carries an obvious implication that the act was done without the victim's consent and over her resistance. Moreover, the information in this case cited the specific subsection of the rape statute I.C. § 18–6101(3), under which the charge was brought. This provided additional notice to Chapa of the elements of rape to be proved by the State in order to convict. Finally, Chapa makes no claim that the language of the information prejudiced him in the preparation or presentation of his defense. Indeed, his reservation of this objection to the information until appeal tends to negate any suggestion of prejudice.

Applying the liberal rule of construction applicable here, we conclude that the information was sufficient to charge Chapa with the offense of rape under I.C. § 18–6101(3).

### III.

Chapa also contends that an error in the instructions to the jury renders his conviction invalid.

█ In addition to instructing the jury on the elements of rape under I.C. § 18–6101(3) and on the State's burden to prove these elements in order to establish Chapa's guilt as the perpetrator of the offense, the trial court gave a further instruction which advised the jury that Chapa could also be guilty if he aided and abetted a rape perpetrated by another. That instruction stated in part:

> The law makes no distinction between a person who directly participates in the acts constituting a crime and a person who, either before or during its commission, intentionally aids, assists, facilitates, promotes, encourages, counsels, solicits, invites, helps or hires another to commit a crime with intent to promote or assist in its commission. Both can be found guilty of the crime.

Chapa objected to this instruction on due process grounds. He argued that the information charged him only with personally committing the physical act of rape and provided no notice that the State would also seek a conviction on the theory that Chapa aided and abetted the rape of the victim by Garcia. The district court overruled Chapa's objection. The jury returned a general verdict that Chapa was guilty of the crime of rape.

Chapa carries forward his due process argument in this appeal. Under the particular facts presented here, we agree with his assertion that the use of the accessory liability instruction deprived Chapa of due process, for it allowed the jury to consider whether Chapa was guilty of either of two offenses when only one offense had been charged by the information.

In his closing argument, the prosecutor reminded the jury of the victim's testimony that both Chapa and Garcia had sexual intercourse with her, and he argued that this testimony established that Chapa individually had raped the victim. The prosecutor went on to state, however, that even if the jury were to find "that there was no penetration, no entrance of the penis of Mr. Chapa into the vagina of [the victim], what we commonly call sexual intercourse, you can still find him guilty of rape under aiding and abetting." The prosecutor urged the jury, "If you find that Mr. Chapa did not have sex with [the victim] but that he did help so that Mr. Garcia could have sex with [the victim], he's as guilty of the crime of rape as is Mr. Garcia." As general statements of the law of accomplice liability, we have no disagreement with the prosecutor's arguments. The flaw in this case is the method by which the State chose to prosecute Chapa for what are clearly two rapes by different actors, and therefore two separate crimes.

This Court has previously approved of a jury instruction on accessory liability in circumstances which, at first blush, may seem indistinguishable from the case before us. In *State v. Wheeler*, 109 Idaho 795, 711 P.2d 741 (Ct.App.1986), the information alleged that Wheeler personally shot and killed the deceased, and the State presented evidence to support that theory. Based upon additional evidence that Wheeler had been accompanied by another man who could have been the one

who fired the weapon, the district court instructed the jury that it could also find Wheeler guilty of aiding and abetting the murder. On appeal, Wheeler argued he had not been given notice that he could be found guilty of aiding and abetting the offense. This Court rejected Wheeler's argument. We first noted that I.C. § 19–1430 [3] abolishes any distinction between principals and accessories and makes all parties involved in the commission of a crime culpable as principals. *Wheeler*, 109 Idaho at 796, 711 P.2d at 742. We then acknowledged the Idaho Supreme Court's decision in *State v. Ayres*, 70 Idaho 18, 211 P.2d 142 (1949), holding that where the evidence showed the defendant was an accessory to the charged crime, there was not a fatal variance between the proof at trial and the allegations of the information charging the defendant as a principal. Relying upon the *Ayres* rationale, this Court held that, "if an accused is fully advised of the acts he is charged with committing, 'he is presumed to know that he would be a principal and guilty as such whether he directly committed the acts charged or aided and abetted in their commission by another.'" *Wheeler*, 109 Idaho at 796, 711 P.2d at 742, *quoting Ayres*, 70 Idaho at 27–28, 211 P.2d at 147.

*Wheeler* and *Ayres* are not dispositive of the issue presented by Chapa, however, because both of those cases involved situations where a *single* crime had been committed and the respective defendants were fully informed of the offense for which they were being prosecuted. The same is not true here. At Chapa's trial the victim did not testify that only one man, either Chapa or Garcia, had forced sexual intercourse upon her. Rather, as emphasized in the prosecutor's closing argument, she stated that both had physically raped her. Therefore, the jury was not asked to decide whether Chapa was criminally culpable for a single rape as either a principal or as one aiding and abetting the perpetrator. Instead, the legal effect of presenting the accessory liability instruction was to submit to the jury questions of Chapa's guilt of two crimes, both a rape committed through his own forcible intercourse with the victim and a separate rape committed by Garcia as the principal, with Chapa's aid or encouragement. Thus, allowance of the accessory liability instruction in this circumstance permitted the State to prosecute Chapa for two distinct crimes under a one-count information.

The inclusion of more than one offense in a single count of the charging document is a pleading defect referred to as "duplicity." *State v. Major*, 111 Idaho 410, 413, 725 P.2d 115, 118 (1986). Duplicity "can prejudice the defendant 'in the shaping of evidentiary rulings, in producing a conviction on less than a unanimous verdict as to each separate offense, in sentencing, in limiting review on appeal, and in exposing the defendant to double jeopardy.'" *Major*, 111 Idaho at 414, 725 P.2d at 119, *quoting* W. Lafave and J. Israel, CRIMINAL PROCEDURE § 19.2(e) at 457 (1984). The duplicity in this case is particularly troublesome because it was not apparent from the face of the information but instead was "hidden" until the jury instruction conference after the close of the evidence.

The language of the information filed against Chapa was sufficient to charge that he, as principal, raped the victim, and under the authority of *Wheeler, supra*, it was also sufficient to charge that he aided and abetted a rape by Garcia; but the information plainly did not allege both. Although Chapa was aware, from the victim's testimony at the preliminary hearing, that she contended two rapes had occurred, he could reasonably conclude, based upon the language used in the information, that the rape for which he was to be tried was that which he was alleged to have physically committed. The information did not notify Chapa that the State would be

**3.** I.C. § 19–1430 states:

The distinction between an accessory before the fact and a principal and between principals in the first and second degree, in cases of felony, is abrogated; and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall hereafter be prosecuted, tried, and punished as principals, and no other facts need be alleged in any indictment against such an accessory than are required in an indictment against his principal.

seeking a conviction for not only his own intercourse with the victim but also for the acts of an accomplice.

 This method of prosecuting the defendant for two crimes while charging him with only one is, we conclude, a deprivation of due process under the Fourteenth Amendment to the United States Constitution and Article 1, Section 13 of the Idaho Constitution. We have previously observed that:

> Fairness requires that a criminal defendant be tried only upon charges of which he has notice. In *De Jonge v. Oregon*, 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278 (1937), the United States Supreme Court said that "[c]onviction upon a charge not made would be a sheer denial of due process." Accordingly, the general rule has evolved that an accused person is denied due process by variance between the crime charged in a prosecutor's information and the crime upon which a judgment of conviction is entered. *E.g., State v. Cariaga*, 95 Idaho 900, 523 P.2d 32 (1974).

*State v. Gilman*, 105 Idaho 891, 893, 673 P.2d 1085, 1087 (Ct.App.1983). Likewise, our Supreme Court has stated, "It is a right of the accused to be informed of the exact charge against him. He is entitled to know for what specific offense he is to be tried. Art. 1, § 13, Idaho Constitution...." *State v. Petty*, 73 Idaho 136, 138, 248 P.2d 218, 219 (1952). *See also State v. McMahan*, 57 Idaho 240, 250, 65 P.2d 156, 160 (1937) (putting a defendant on trial without giving, in the information, a statement of the acts constituting the offense, and letting the defendant know these facts for the first time when trial is in progress is a denial of due process). The requisite specificity of the charge may not be compromised by the joining of separate offenses. *Schad v. Arizona*, 501 U.S. 624, 632–33, 111 S.Ct. 2491, 2497–98, 115 L.Ed.2d 555 (1991), *citing United States v. UCO Oil Co.*, 546 F.2d 833 (9th Cir.1976), *cert. denied*, 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977). We are thus constrained to hold that where an accessory liability instruction will result in a defendant being prosecuted for a crime separate from that which is charged in the information, the instruction must be refused. The district court therefore erred in giving the accessory liability instruction over Chapa's objection.

This error not only may have prejudiced Chapa in the presentation of his defense but also makes it impossible to ascertain whether the jury unanimously found him guilty of either one of the rapes. A general verdict form was used, asking the jury only whether Chapa was guilty of "the charge of rape." Therefore, the verdict does not reveal whether all the jurors found him guilty of the same act of rape or whether their verdict was unanimous only in that each juror found him guilty of one or the other of the two rapes. Chapa was thus deprived of due process when the State, having charged the commission of only one offense in the information, advanced charges of two distinct crimes through instructions given to the jury. It follows that the verdict and the judgment of conviction must be vacated and the case remanded for a new trial.

This disposition of Chapa's claim of error in the jury instructions renders moot the additional issues raised by Chapa in this appeal.

The judgment of conviction is vacated, and this matter is remanded to the district court for further proceedings.

WALTERS, C.J., and PERRY, J., concur.