141 P.3d 1129

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Andrew Michael HOREJS,
Defendant–Appellant.**

No. 30490.

Court of Appeals of Idaho.

Feb. 1, 2006.

Review Denied Aug. 9, 2006.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kristina M. Schindele, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Defendant–Appellant Andrew Horejs challenges his judgment of conviction for aggravated assault, arguing that there was insufficient evidence to support the jury's verdict. He also appeals his consecutive sentences for the aggravated assault and related misdemeanor counts on the ground that the district court lacked authority to direct that misdemeanor sentences be served after the felony sentence. We affirm.

## I.

## FACTUAL & PROCEDURAL BACKGROUND

One summer night, Horejs and four of his friends launched a scheme to accost random strangers and bind them with duct tape. The same group had engaged in this prank within their circle for some time and believed that extending it to strangers would be funny. Sometime around 2 a.m., the group purchased duct tape and then began driving around Boise seeking their prey. They found two victims: the first was a young man riding inline skates to work. Minutes after that attack, they found a second victim, a young man returning home on his bicycle after working a late shift at a restaurant. Horejs and his friends ambushed both victims, knocking them to the ground and holding them down while attempting to bind parts of their bodies with duct tape. The second victim also received several punches and at least one kick to his body. Each attack lasted no more than a couple of minutes and neither victim was seriously injured. Still, both victims suffered minor scrapes and bumps to various parts of their bodies, including their heads.

The police apprehended Horejs and his friends shortly after the second attack. All members of the group were charged with four felonies: two counts of kidnapping, Idaho Code § 18–4501, and two counts of aggravated assault, I.C. §§ 18–901(b), 18–905(b). Horejs' friends pleaded guilty to kidnapping in exchange for the State dropping the aggravated assault charges. Horejs, on the other hand, exercised his right to a jury trial.

At trial, Horejs moved for a judgment of acquittal on the charge of aggravated assault, asserting the State had not provided sufficient evidence that his acts were likely to produce great bodily harm to the victims. That motion was denied. The jury acquitted Horejs of kidnapping but found him guilty of two counts of a lesser included misdemeanor, false imprisonment, I.C. § 18–2901. They also found him guilty of aggravated assault on the second victim and of the lesser included offense of simple assault, a misdemeanor, I.C. § 18–901, for the attack on the first victim. For the aggravated assault, the district court imposed a unified five-year sentence with a two-year determinate term. For the misdemeanors, the court sentenced Horejs to one year in the county jail for each count of false imprisonment and three months in jail for simple assault.[1] The court ordered that the sentences would be served consecutively, with the felony sentence to be served first. The district court suspended the sentences, however, and placed Horejs on four consecutive terms of probation totaling eleven years (five years for aggravated assault, and two years for each misdemeanor count).

Horejs now appeals. He argues that there was insufficient evidence to sustain his aggravated assault conviction. Specifically, Horejs contends his actions could not be considered "likely to produce great bodily harm," an element of aggravated assault. I.C. § 18–905(b). In addition, Horejs argues that his sentences are illegal because misdemeanor jail sentences may not be made to run consecutive to a felony prison sentence and because the consecutive probationary periods exceed the maximum aggregate period for which he could be incarcerated for these offenses.

## II.

## ANALYSIS

**A. Sufficiency of Evidence Supporting Horejs' Conviction for Aggravated Assault**

▮ Horejs first argues that his felony conviction for aggravated assault on the sec-

---

1. The maximum terms of incarceration allowed for these crimes are: for aggravated assault, five years, I.C. § 18–906; for false imprisonment, one year, I.C. § 18–2902; and for misdemeanor assault, three months, I.C. § 18–902.

ond victim cannot stand because there was insufficient evidence to prove he used means or force that was likely to produce great bodily harm. This Court will not set aside a jury's judgment of conviction if there is "substantial evidence upon which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Medina,* 128 Idaho 19, 27, 909 P.2d 637, 645 (Ct.App.1996); *State v. Reyes,* 121 Idaho 570, 572, 826 P.2d 919, 921 (Ct.App.1992). It is the province of the jury to determine the credibility of the witnesses, to weigh the evidence, and to draw reasonable and justifiable inferences. Therefore, where a defendant stands convicted, we must view the evidence in the light most favorable to the prosecution. *Medina,* 128 Idaho at 27, 909 P.2d at 645; *Reyes,* 121 Idaho at 572, 826 P.2d at 921.

The elements of aggravated assault, as charged in this case, are set forth in I.C. § 18–901(b) and § 18–905(b). The former section defines misdemeanor assault as an "intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Section 18–905(b) specifies that an assault is "aggravated," and thus a felony, if it is accomplished "[b]y any means or force likely to produce great bodily harm." Horejs argues the evidence presented to the jury showed no more than a misdemeanor assault because the only force he used against the second victim was a kick to the victim's backside—a kick that resulted in no visible mark or injury and was unlikely to produce great bodily harm.

In addressing Horejs' argument, it must be borne in mind that even though the charged and admitted acts of Horejs and his group included actual violent physical contact with the victim, the offense charged was aggravated *assault,* not aggravated battery. As noted above, an assault is aggravated pursuant to I.C. § 18–905(b) if it is accomplished by means or force "likely" to produce great bodily harm. Therefore, in discerning whether the evidence is sufficient on this element, we do not look to the injuries or harm *actually* inflicted, but to whether the jury could reasonably find that the means or force used by the group was *likely* to cause great bodily harm.

With this in mind, even if we assume, arguendo, that Horejs' lone kick was not "likely to produce great bodily harm," we nevertheless must affirm his conviction because the actions of his group as a whole were sufficient for a reasonable jury to find a likelihood of great bodily harm. Idaho law concerning criminal culpability makes no distinction between the person who directly commits a criminal act and a person who aids and abets in its commission. Rather, those who aid and abet a crime are culpable as "principals." I.C. §§ 18–204, 19–1430;[2] *State v. Butcher,* 137 Idaho 125, 134, 44 P.3d 1180, 1189 (Ct.App.2002). Aiding and abetting includes such acts as facilitating, promoting, encouraging, soliciting, and inciting the actions. *State v. Holder,* 100 Idaho 129, 132, 594 P.2d 639, 642 (1979), *overruled on other grounds by State v. Humpherys,* 134 Idaho 657, 8 P.3d 652 (2000); *Howard v. Felton,* 85 Idaho 286, 297, 379 P.2d 414, 421 (1963). The district court instructed the jury on this point of law, and the record contains sufficient evidence by which a jury could find

2. Idaho Code § 18–204 provides:

All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense or aid and abet in its commission, or, not being present, have advised and encouraged its commission, or who, by fraud, contrivance, or force, occasion the intoxication of another for the purpose of causing him to commit any crime, or who, by threats, menaces, command or coercion, compel another to commit any crime, are principals in any crime so committed.

Idaho Code § 19–1430 provides:

The distinction between an accessory before the fact and a principal and between principals in the first and second degree, in cases of felony, is abrogated; and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall hereafter be prosecuted, tried, and punished as principals, and no other facts need be alleged in any indictment against such an accessory than are required in an indictment against his principal.

that Horejs aided and abetted the acts of the other members of his group who participated in the assault on the victim. Indeed, Horejs admitted his involvement at trial, thus providing sufficient evidence that he aided and abetted the acts of his friends and could be charged as a principal for those acts.

Horejs points out that he was never expressly charged with aiding and abetting, and relies on *State v. Chapa*, 127 Idaho 786, 906 P.2d 636 (Ct.App.1995), to support his assertion that a defendant not charged with aiding and abetting cannot be convicted on that basis. His reliance on *Chapa* is misplaced, however, for in *Chapa* we held a conviction for aiding and abetting improper where the charging instrument did not alert the defendant that he was being prosecuted for two separate acts—the rape committed by an accomplice in addition to his own separate act of raping the victim. *Id.* at 789–90, 906 P.2d at 639–40. This violated the defendant's due process rights because it resulted in his prosecution for a crime not charged against him. *Id.* In this case, by contrast, the indictment put Horejs on notice that he was being prosecuted for aiding and abetting because it alleged that Horejs and his cohorts *collectively* kidnapped and assaulted the two victims. Thus, Horejs was made fully aware of the acts he was charged with committing—his own acts as well as his confederates' acts—and he was "presumed to know that he would be a principal and guilty as such whether he directly committed the acts charged or aided and abetted in their commission by another." *State v. Wheeler*, 109 Idaho 795, 796, 711 P.2d 741, 742 (Ct. App.1985). *See also State v. Ayres*, 70 Idaho 18, 27–28, 211 P.2d 142, 147 (1949).

■ We conclude that the record provides sufficient evidence to support the jury's verdict that the group's acts as a whole amounted to aggravated assault. The evidence shows, and Horejs admits, that his friends ambushed the second victim, knocked him off of his bicycle and to the ground, held him

down, and attempted to duct tape him; during this episode one of Horejs' cohorts punched the victim one or more times, and Horejs kicked the victim. Even if neither the kick nor the punches were of sufficient force to be likely to cause significant injury, a jury could reasonably conclude that a sneak attack by a gang of adult males who knock an unsuspecting bicyclist off his bicycle to the pavement is a situation that is likely to result in great bodily harm. Therefore, the guilty verdict will not be disturbed.

**B. Sentences**

■ Horejs next argues that the district court had no authority to order that his misdemeanor sentences of incarceration would be served consecutive to his felony sentence. Horejs acknowledges that I.C. § 18–308 authorizes imposition of consecutive terms of incarceration, but argues that this does not provide explicit authority to run misdemeanor sentences consecutive to felony sentences. This argument is without merit.

Section 18–308 is entirely sufficient to authorize consecutive sentences, whether for felonies or misdemeanors. It states:

> When any person is convicted of two (2) or more crimes ... the imprisonment to which he is sentenced upon the second or other subsequent conviction, in the discretion of the court, may commence at the termination of the first term of imprisonment ... or at the termination of the second or other subsequent term of imprisonment, as the case may be.

The statute clearly and expressly provides for consecutive sentences for multiple "crimes" and makes no distinction between felonies and misdemeanors.[3] In *State v. Lawrence*, 98 Idaho 399, 401, 565 P.2d 989, 991 (1977), the Idaho Supreme Court noted that the primary effect of section 18–308 is to reinstate the common law rule that Idaho courts have discretionary power to impose cumulative sentences—a power that had

---

**3.** Although section 18–308 uses the term "imprisonment," it does not limit its application to felony offenses. Numerous Idaho statutes employ the word "imprisonment" when referring to incarceration in either the state prison or a county jail. *See, e.g.,* I.C. § 18–303 (using the term

"imprisonment" to describe incarceration in the "state prison" and the "county jail" as well as in the context of felonies and misdemeanors); I.C. § 20–601 (stating county jails are "[f]or the confinement of persons sentenced to imprisonment therein upon a conviction for crime").

been modified by a prior version of the statute. Accordingly, neither legislation nor judicial decision precludes running misdemeanor sentences consecutive to sentences for felonies.

■ Horejs also contends that the stacking of his sentences is illegal because it is "logistically impossible" for misdemeanor sentences to be served in a county jail following service of a felony sentence with both determinate and an indeterminate components. We disagree. The transfer of inmates between state prison facilities and county jails are necessarily a common occurrence. The county jails are required under I.C. § 20–604 to accept a person for confinement upon receiving a judgment or other judicial order for confinement. If the district court here were someday to revoke Horejs' probation and order execution of the underlying sentences, Horejs could serve his initial two-year determinate term in the custody of the Department of Correction and then be released on parole for the duration of his indeterminate term, during which time he could serve his consecutive misdemeanor sentences in the county jail. Should Horejs' felony parole be revoked for violations committed while in jail serving his misdemeanor sentences, the county could relinquish custody back to the Department of Correction.

■ Finally, Horejs argues that serving a misdemeanor sentence consecutive to a felony sentence defeats the rehabilitative aspect of the felony imprisonment. We acknowledge that it may not optimize rehabilitation potential to place an inmate who has completed rehabilitative programs at the state prison into the non-rehabilitative environment of a county jail for an extended period. Horejs has no right to an optimum sentence, however, and such a possible incongruity does not make the sentence illegal.

Horejs also contends that the district court erred by giving him consecutive terms of probation that cumulatively exceed the maximum term of incarceration that could be imposed for his offenses. Horejs argues, first, that terms of probation may not run consecutively and, second, that the cumulative duration of probation may not exceed the cumulative statutory maximum terms of imprisonment. We disagree with both of Horejs' positions.

Horejs is correct in observing that his total probation term of eleven years exceeds the maximum sentences of incarceration that could be imposed for his offenses. The trial court imposed the longest permissible probation terms for all of Horejs' crimes. For felonies, Idaho law authorizes probation for a period up to the maximum for which the defendant might be imprisoned, but for misdemeanors the law allows probation of up to two years regardless of the maximum jail sentence for the misdemeanor. I.C. §§ 19–2601(7), 19–3921.[4] Consequently, the term of Horejs' probation is nearly three years longer than the maximum period for which he

---

4. Idaho Code § 19–2601 provides:

Whenever any person shall have been convicted, or enter a plea of guilty, in any district court of the state of Idaho, of or to any crime against the laws of the state, except those of treason or murder, the court in its discretion, may:

....

2. Suspend the execution of the judgment at the time of judgment or at any time during the term of a sentence in the county jail and place the defendant on probation under such terms and conditions as it deems necessary and expedient; or

7. The period of probation ordered by a court under this section under a conviction or plea of guilty for a misdemeanor, indictable or otherwise, may be for a period of not more than two (2) years; and under a conviction or plea of guilty for a felony the period of probation may be for a period of not more than the maximum period for which the defendant might have been imprisoned.

Idaho Code § 19–3921 provides:

When the defendant pleads guilty, or is convicted either by the court or by a jury, the court must render judgment thereon of fine or imprisonment, or both, as the case may be: provided, however, it appearing to the court that it is a proper case, the court may, in its discretion, suspend the execution of judgment, and at such time, or any time during the period of sentence in a county jail, may put the defendant on probation on such terms and for such time as it may prescribe. The period of probation ordered by the court under this section under a conviction or plea of guilty for a misdemeanor, indictable or otherwise, may be for a period of not more than two (2) years. The court may withhold judgment on such terms and conditions as it deems necessary or expedient.

could have been consecutively incarcerated for these offenses.

■ Horejs' contention that Idaho law does not allow for consecutive terms of probation is without merit. Although no Idaho statute expressly refers to consecutive probation periods, two statutes, when read together, implicitly authorize successive probations. As discussed above, I.C. § 18–308 authorizes consecutive sentences of imprisonment for two or more crimes. Idaho Code § 19–2601 then empowers a trial court to suspend the execution of sentences of imprisonment and place the defendant on probation. It is implicit under section 19–2601 that if the terms of imprisonment that are being suspended are consecutive, the corresponding probation terms may likewise be consecutive. We find nothing in Idaho law that prohibits successive probation periods for multiple convictions.

Horejs next contends that even if Idaho law allows imposition of consecutive probation terms, his aggregated period of probation still is unlawful because I.C. § 20–222 caps the aggregate probation term at "the maximum period for which the defendant might have been imprisoned."[5] This provision of section 20–222, he argues, conflicts with and overrides sections 19–2601(7) and 19–3921, which authorize probation terms of up to two years for misdemeanors, regardless of the length of the suspended jail sentences.

■ Statutes that deal with the same subject matter are to be construed together to the end that legislative intent will be effected. *State v. Barnes,* 133 Idaho 378, 382, 987 P.2d 290, 294 (1999); *Meyers v. City of Idaho Falls,* 52 Idaho 81, 89–90, 11 P.2d 626, 629 (1932); *State v. McNair,* 141 Idaho 263, 266, 108 P.3d 410, 413 (Ct.App.2005); *Winter v. State,* 117 Idaho 103, 106, 785 P.2d 667, 670 (Ct.App.1989). In construing statutes it is our obligation, where possible, to adopt a construction that will harmonize and reconcile statutory provisions and to avoid an interpretation that will render a statute a nulli-

ty. *State, Dep't of Health & Welfare v. Housel,* 140 Idaho 96, 104, 90 P.3d 321, 329 (2004); *Emery v. United Pac. Ins. Co.,* 120 Idaho 244, 248, 815 P.2d 442, 446 (1991); *State v. McNeil,* 141 Idaho 383, 385, 109 P.3d 1125, 1127 (Ct.App.2005); *State v. Beard,* 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct.App. 2001); *State v. Nelson,* 119 Idaho 444, 447, 807 P.2d 1282, 1285 (Ct.App.1991).

■ Horejs' contention that there is a conflict in the statutes governing the length of misdemeanor probation terms does not withstand close scrutiny, for I.C. § 20–222 is directed only to felony probations. That section is located in Title 20, chapter 2 of the Idaho Code, which addresses the formation, powers and duties of the Board of Correction and governs parole procedures. Because only felons are placed in the custody of the Board of Correction or are placed on parole, it is apparent that I.C. § 20–222 was legislatively intended to address only felonies. This legislative intent is verified by the fact that I.C. § 20–222 uses precisely the same language that the legislature used in I.C. § 19–2601(7) to define the maximum term of probation for felonies. Examining all of the statutory provisions together, it is apparent that I.C. § 19–2601(7) addresses both misdemeanors and felonies. Section 19–3921 applies only to misdemeanors, and section 20–222 applies only to felonies. This interpretation harmonizes and gives effect to all of the statutory provisions and reconciles any superficial inconsistencies without nullifying the specific terms of sections 19–2601(7) and 19–3921 that authorize two-year probation periods for misdemeanants.

Accordingly, we hold that the district court possessed authority to impose two-year periods of probation for each of Horejs' misdemeanors and to direct that all of his periods of probation be served consecutively.

### III.

### CONCLUSION

The jury was presented sufficient evidence to conclude that Horejs was guilty of aggra-

---

**5.** Idaho Code § 20–222 provides in part:
  The period of probation or suspension of sentence may be indeterminate or may be fixed by the court, and may at any time be extended or terminated by the court. Such period with any extension thereof shall not exceed the maximum period for which the defendant might have been imprisoned.

vated assault and Horejs has demonstrated no error in the sentences imposed by the district court. Therefore, the judgment of conviction and sentences are affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.

