148 P.3d 1278

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Blaine MURRAY, Defendant–Respondent.**

No. 32394.

Court of Appeals of Idaho.

Nov. 30, 2006.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Blaine Murray, Idaho Falls, pro se respondent.

LANSING, Judge.

After a bench trial in the magistrate division, Blaine Murray was convicted of a misdemeanor for traveling on a road that had been closed by the Forest Service. He appealed, asserting that he had been deprived of due process because the charging citation did not adequately identify the offense with which Murray was charged. The district

court reversed the conviction on due process grounds and dismissed the case. The State now appeals from the district court's decision. We affirm the district court's dismissal order, but on the separate basis that the citation failed to charge any offense and was, therefore, jurisdictionally defective.

## I.

### BACKGROUND

On November 24, 2004, sixty-eight-year-old Blaine Murray was driving his pickup on United States Forest Service land in Fremont County. Earlier that day, Officer Charlie Anderson, a senior conservation officer with the Idaho Department of Fish and Game, received reports from hunters that persons were driving on closed roads on Forest Service property, spoiling their hunt. Anderson went to the location to observe activity and ultimately saw Murray drive past. Anderson flagged Murray to a stop and issued a citation which stated that the charged offense was "Violate Forest Service Road Closure" in violation of "I.C. § 36–401(b)10(C)." The officer made a mistake, for there is no such Idaho Code subsection. The closest code section is Idaho Code § 36–401(b), which provides that no fishing license is required on "free fishing day." There is also no Idaho statute with the title "Violate Forest Service Road Closure" or any similar wording.

The matter proceeded to a court trial before the magistrate with the citation as the operative charging document. Murray defended himself *pro se*. Immediately before the commencement of trial, the prosecutor moved to amend the charging citation to change the referenced statute, stating that "it's actually 1401(b), which is a general misdemeanor provision." The magistrate allowed the amendment, without giving Mur-

ray an opportunity to object or respond. The magistrate interlineated the citation by writing a "1" in front of the "401," so that the citation now identified the violated statute as "I.C. § 36–1401(b)10(C)." Although not noted by the parties or the magistrate at anytime during proceedings in the magistrate division, there is no Idaho Code section 36–1401(b)10(C). The closest section is I.C. § 36–1401(b), which provides that, generally, violations of other sections in Title 36 of the Idaho Code are misdemeanors.[1] This statute is not itself a substantive criminal statute, for it describes no prohibited conduct.

When Murray was asked to present his defense at trial following the State's case-in-chief, he complained to the magistrate that he had attempted to research the original statutory designation, "I.C. § 36–401(b)10(C)," and had been unable to locate any such statute. The magistrate informed Murray that the State had been allowed to amend the citation before the trial began to specify a different statute, which Murray apparently had been unaware of.[2] Murray objected that the citation did not mention section 36–1401, so he had not researched that section. The magistrate nevertheless adhered to the ruling allowing the amendment and observed that the face of the citation put Murray on notice that he had been charged with the crime of violating a Forest Service road closure.

Murray then proceeded with his defense in which he testified that he had relied on the contents of a Forest Service map showing closed and open roads, that he thought he was on an open road but apparently was mistaken, and that he had not seen a small sign stating that the road was closed.

The magistrate found Murray guilty without making reference to the elements of the crime or identifying the applicable statute. Murray was sentenced to ten days "discre-

---

1. Idaho Code § 36–1401(b) provides:

   (b) Misdemeanors. Any person who pleads guilty to, is found guilty or is convicted of a violation of the provisions of this title or rules or proclamations promulgated pursuant thereto, or orders of the commission, except where an offense is expressly declared to be an infraction or felony, shall be guilty of a misdemeanor.

2. At oral argument, Murray represented that the conversation between the prosecutor and the magistrate in which the magistrate authorized the amendment to the citation occurred in a sidebar to which Murray was not invited and which he could not hear.

tionary" jail time, a two hundred dollar fine, and one year of probation, and his hunting license was suspended for one year. The written judgment does not contain a citation to an Idaho statute but states that Murray was convicted of "Violate Forest Service Road Closure."

Murray obtained counsel and appealed to the district court. Among other issues, he asserted a due process violation stemming from the incorrect statutory citations in the charging document. The district court first held that under the unique facts of the case, Murray's mid-trial due process objection to the citation was timely. The district court further held that Murray's due process rights had been violated, reversed the conviction and, "in the interest of justice," dismissed the case instead of remanding for a new trial. The State now appeals from the district court's decision.

## II.

## ANALYSIS

The State presents three arguments in the alternative: (1) that Murray's due process objection was not timely under Idaho Criminal Rule 12(b)(2); (2) that Murray's due process rights were not violated because he was not prejudiced by the erroneous statutory reference in the charging citation; and (3) that reversal of the conviction and remand for a new trial, rather than dismissal of the charge, is the appropriate remedy for a due process violation. Prior to oral argument, however, this Court requested supplemental briefing from the parties to address whether the citation failed to charge any offense and was therefore insufficient to confer subject matter jurisdiction on Idaho courts. A question of subject matter jurisdiction is fundamental, may not be ignored by a court, and even if not raised by the parties may be addressed on the court's own initiative. *See State v. Kavajecz,* 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003); *State v. Lopez,* 98 Idaho 581, 585, 570 P.2d 259, 263 (1976); *State v. Byington,* 135 Idaho 621, 624, 21 P.3d 943, 946 (Ct.App.2001). Pursuant to Idaho Criminal Rule 12(b)(2), an assertion that a charging document fails to show

jurisdiction of the court or to charge an offense may be raised at any time during the pendency of the proceedings. Whether a court lacks jurisdiction and whether a charging document conforms to the requirements of law are questions of law over which appellate courts exercise free review. *State v. Jones,* 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). Because this Court concludes the jurisdictional issue to be dispositive, we do not address the due process issues raised by the parties.

In the appellate proceedings before the district court and before this Court, the State has contended that Murray was properly tried and convicted under I.C. § 36–104(b)(10), which provides:

10. In the event owners or lawful possessors of land have restricted the operation of motor-propelled vehicles upon their land, the commission, upon consultation with all other potentially affected landowners, and having held a public hearing, if requested by not less than ten (10) residents of any county in which the land is located, may enter into cooperative agreements with those owners or possessors to enforce those restrictions when the restrictions protect wildlife or wildlife habitat. Provided, however, the commission shall not enter into such agreements for lands which either lie outside or are not adjacent to any adjoining the proclaimed boundaries of the national forests in Idaho.

(A) The landowners, with the assistance of the department, shall cause notice of the restrictions, including the effective date thereof, to be posted on the main traveled roads entering the areas to which the restrictions apply. Provided, however, that nothing in this subsection shall allow the unlawful posting of signs or other information on or adjacent to public highways as defined in subsection (5) of section 40–109, Idaho Code.

(B) Nothing in this section authorizes the establishment of any restrictions that impede normal forest or range management operations.

(C) No person shall violate such restrictions on the use of motor-propelled vehicles or tear down or lay down any fencing

or gates enclosing such a restricted area or remove, mutilate, damage or destroy any notices, signs or markers giving notice of such restrictions. The commission may promulgate rules to administer the restrictions and cooperative agreements addressed in this subsection.

This subsection is within a lengthy statute, I.C. § 36–104, entitled "General powers and duties of commission," referring to the Idaho Fish and Game Commission. It is now apparent, in retrospect, that Officer Anderson transposed the numerals 1 and 4 in the section number from "104" to "401" when he wrote the citation. The prosecutor's amendment to the citation did not remedy that error.

In its supplemental brief addressing the jurisdictional sufficiency of the charging citation, the State urges this Court to adopt the United States Supreme Court's rule, stated in *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), that a defective indictment does not deprive a federal court of jurisdiction to hear a case. This Court is not free to adopt *Cotton* as Idaho law, however, because we must adhere to Idaho criminal rules and precedent set by the Idaho Supreme Court.

We begin our analysis with *State v. Cahoon*, 116 Idaho 399, 775 P.2d 1241 (1989), where the defendant, after being found guilty of a misdemeanor, moved for dismissal of the charge on the ground that the citation was insufficient to charge an offense and therefore the court lacked jurisdiction. The magistrate granted the dismissal motion. On appeal, the Idaho Supreme Court stated that this jurisdictional challenge "[i]n essence . . . presents an issue of notice, that being whether the citation given to Mr. Cahoon adequately apprised him of the charges so that he could prepare a defense." *Id.* at 400, 775 P.2d at 1242. The Court went on to note that because Cahoon had not challenged the sufficiency of the citation before his trial, it would be liberally construed in determining the sufficiency of the citation to confer jurisdiction. A tardily challenged charging document will be upheld, the Court said, "unless it is so defective that it does not, by any fair or reasonable construction, charge an offense

for which the defendant is convicted." *Id.* The Court also referred to the possibility of prejudice to the accused in the preparation of the defense as a factor to be considered in evaluating the jurisdictional sufficiency of a charging document. *Id.* at 400–01, 775 P.2d at 1242–43. Utilizing these standards, the Court held that Cahoon's citation was sufficient to charge an offense and confer jurisdiction. *Id.*

Following *Cahoon's* lead, many subsequent decisions of the Idaho Supreme Court and of this Court, when addressing jurisdictional challenges to charging documents, considered whether the document gave adequate notice to the defendant to apprise him of the charges and whether the document's deficiencies prejudiced the defendant, although these are factors more commonly associated with due process concerns than with jurisdictional analysis. *See, e.g., State v. Summer,* 139 Idaho 219, 221–22, 76 P.3d 963, 965–66 (2003); *State v. McNair,* 141 Idaho 263, 268, 108 P.3d 410, 415 (Ct.App.2005); *State v. Sohm,* 140 Idaho 458, 459, 95 P.3d 76, 77 (Ct.App.2004); *State v. Mayer,* 139 Idaho 643, 84 P.3d 579 (Ct.App.2004); *State v. Halbesleben,* 139 Idaho 165, 168, 75 P.3d 219, 222 (Ct.App.2003); *State v. Owen,* 129 Idaho 920, 926, 935 P.2d 183, 189 (Ct.App.1997); *State v. Chapa,* 127 Idaho 786, 787–88, 906 P.2d 636, 637–38 (Ct.App.1995); *State v. Leach,* 126 Idaho 977, 979, 895 P.2d 578, 580 (Ct.App. 1995); *State v. Robran,* 119 Idaho 285, 805 P.2d 491 (Ct.App.1991).

Recently, however, our Supreme Court appears to have significantly modified the jurisdictional analysis by clearly differentiating between due process and jurisdictional queries. In *Jones,* 140 Idaho 755, 101 P.3d 699, the defendant asserted that the information filed against him was jurisdictionally deficient because it did not allege all the elements of the referenced crime and therefore failed to charge an offense. The Court noted that when considering the legal sufficiency of a charging document, "[t]here are two standards to consider." *Id.* at 758, 101 P.3d at 702. The first is whether the document is sufficient for the purpose of due process and the second is whether it is sufficient to impart jurisdiction. *Id.* Addressing due pro-

cess first, the Court stated, "There are a host of due process requirements that must be met by a charging document, such as factual specificity adequate to 'enable a person of common understanding to know what is intended' and to shield against double jeopardy." *Id.* (quoting *State v. Grady,* 89 Idaho 204, 208–09, 404 P.2d 347, 349–50 (1965)). The Court also noted that pursuant to I.C.R. 12(b)(2), due process objections to a charging document are waived unless raised before trial. *Jones,* 140 Idaho at 760, 101 P.3d at 704.

Moving on to the jurisdictional query, the *Jones* Court said that where there has been a tardy jurisdictional challenge, the charging document "is to be upheld on appeal if the necessary facts appear in any form or by fair construction can be found" within its terms. *Id.* at 759, 101 P.3d at 703 (quoting *Cahoon,* 116 Idaho at 401, 775 P.2d at 1243). The Court did not refer to any strictures concerning the adequacy of notice or prejudice to the defendant, seemingly limiting those factors to due process queries. The Court then held that the liberal standard that applies to an untimely jurisdictional challenge is satisfied if the charging document merely cites the Idaho Code section under which the defendant is charged: "[W]e hold that when an objection to a charging document is not made until after the entry of judgment, if the applicable code section is named in the charging document its language may be read into the text of the charge." *Id.*

It thus appears that *Jones* retained *Cahoon's* distinction between timely and untimely jurisdictional challenges, applying a less restrictive standard in evaluating the sufficiency of the charging document where the challenge was tardy,[3] but repudiated *Cahoon's* inclusion of notice and prejudice factors in jurisdictional analysis, relegating their role to due process challenges.

---

**3.** Although it is not pertinent to this appeal, we note that *Jones* somewhat inconsistently identifies three different points at which a jurisdictional challenge would be tardy and therefore call for liberal construction: where objection was "not timely raised before trial," where a charging document "is not challenged before the verdict," and where "an objection is not made until after the entry of judgment." *Jones,* 140 Idaho at 759, 101 P.3d at 703. Subsequently, in *State v.*

Here, Murray made what may be fairly characterized as a due process objection to the sufficiency of the charging document mid-trial, but he made no jurisdictional challenge to the citation at any time. Instead, the issue has been raised *sua sponte* by this Court. Therefore, we will uphold the citation as sufficient if "the necessary facts appear in any form or by fair construction can be found within its terms." *Id.*

We have many times rejected jurisdictional challenges to charging documents because their factual allegations could fairly be construed to include elements that were claimed by defendants to have been omitted. *See State v. Cook,* 143 Idaho 323, 144 P.3d 28 (Ct.App. 2006) (The word "purchase" implies a knowing act.); *McNair,* 141 Idaho at 268, 108 P.3d at 415 (Terms "carelessly," "imprudently," and "inattentively" imply negligence.); *Halbesleben,* 139 Idaho 165, 75 P.3d 219 (Allegations implied that co-defendant was victim's father and that the defendants had the "care or custody" of the victim.); *Chapa,* 127 Idaho at 787–88, 906 P.2d at 637–38 (Allegation that sexual intercourse was committed by use of force and violence implied the act was done without the victim's consent and over her resistance.); *Leach,* 126 Idaho at 979, 895 P.2d at 580 (Allegation of "attempt" implies that defendant had intent to commit the act.); *Robran,* 119 Idaho at 287–88, 805 P.2d at 493–94 (Allegation that rape victim's resistance was overcome by fear was sufficient to imply lack of consent.). These precedents are of no benefit to the State in the present case, however, because Murray was prosecuted on a citation that merely identifies the crime as "Violate Forest Service Road Closure" under "I.C. § 36–1401(b)10(C)" and contains no factual allegations whatsoever from which elements could be inferred.

*Quintero,* 141 Idaho 619, 115 P.3d 710 (2005), the Supreme Court applied the liberal construction standard where the defendant's objection to the charging document was made during trial at the close of the State's case-in-chief. It thus appears to this Court that where the objection that a charging document fails to charge an offense and therefore is jurisdictionally deficient is not made before trial, the liberal construction standard will apply.

The State suggests that the elements of the crime are alleged or may be fairly inferred from information written in the blanks in other sections of the citation—for example, that the use of a "motor-propelled vehicle," which is an element of the offense under I.C. § 36–104(b)(10)(c), is implied by entries in blanks on the citation form stating Murray's license number and the make and model of his pickup. Whatever the merit of this argument that substantive allegations can be so inferred from identifying information on a fill-in-the-blank citation form, it is not sufficient here. Although there may be legitimate debate about what precisely are all of the elements of a violation of I.C. § 36–104(b)(10), there is indisputably at least one element to which no reference is made in the citation, no matter how that document is stretched, shaded or glossed. This is the requirement that notice of the restrictions on the operation of motor-propelled vehicles be "posted on the main traveled roads entering the areas to which the restrictions apply." Thus, the facts alleged in the citation do not state or imply all of the elements of the offense.

Further, it is obvious that the pronouncement in *Jones*, holding that when the jurisdictional challenge is untimely the charging document's citation to the applicable code section is sufficient, does not salvage the citation here, for Murray's amended citation—either in its original form or as amended—does not cite the code section that he apparently was found guilty of violating.

The State argues, however, that when applying liberal construction standards, a simple reference to the name of the crime, such a "burglary" or "second degree murder," should suffice to impart jurisdiction in the same manner as does a citation to the applicable code section. We do not necessarily disagree with that argument, but we conclude that even if embraced by this Court, it could not rescue this prosecution. The statute that the State has now identified as the one that Murray violated, I.C. § 36–104(b)(10), is not titled "violate Forest Service road closure" or any similar terms. Instead, it is an obscure criminal provision buried within a statute entitled "General powers and duties of commission." The terms "Forest Service" and "closure," do not even appear in the subsection at issue. The words used on the citation are simply not sufficient to identify the crime that the State now submits is that for which Murray was convicted. If anything, reference to the Forest Service suggests that a federal law was implicated.

In summary, this case presents the rare circumstance where a charging document fails, under even the most liberal construction, to charge an offense and therefore is insufficient to confer subject matter jurisdiction on an Idaho court. This defect requires dismissal of the charge. *Kavajecz*, 139 Idaho at 484, 80 P.3d at 1085; *State v. Mowrey*, 91 Idaho 693, 695, 429 P.2d 425, 427 (1967). Accordingly, the district court's intermediate appellate decision reversing Murray's conviction and dismissing the case is affirmed, albeit on different grounds.

Chief Judge PERRY and Judge GUTIERREZ concur.