849 P.2d 975

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Farrell WILDCAT, Defendant–Appellant.**

No. 20179.

Court of Appeals of Idaho.

April 1, 1993.

Whittier, McDougall, Souza, Murray & Clark, Chartered, Robert C. Naftz, Pocatello, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Farrell Wildcat pled guilty to felony driving while under the influence of intoxicants and/or drugs, having been convicted previously of two or more violations of I.C. § 18–8004 within the preceding five years. I.C. §§ 18–8004, –8005(3). He was given a unified sentence of five years with four years fixed as the minimum period of confinement. I.C. § 19–2513. On appeal, he contends the district court abused its sentencing discretion by not more fully considering the goal of rehabilitation, in addition to achieving the goals of deterrence, retribution and protection of society. We conclude that the sentence imposed was not an abuse of discretion and we affirm.

According to the record in this case, Wildcat has previously been convicted twenty-four times of driving while under the influence. At the time he pled guilty in this case, Wildcat was forty-eight years old. In reaching its sentencing determina-

tion, the district court considered arguments from Wildcat's counsel urging the court to formulate a sentence that would aid Wildcat in overcoming his "prolific" problem with alcohol. The court was not persuaded that further attempts at rehabilitation, which evidently were not successful in the past, should be explored as an alternative to the need for protecting society from the extreme danger demonstrated by Wildcat's continuous inability not to drive a vehicle while under the influence.

■ In *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1983), we noted that

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.

The reasonableness of a sentence is determined by focusing on the probable length of confinement, which, under the Unified Sentencing Act, I.C. § 19–2513, is the minimum period of incarceration imposed by the sentencing judge. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). That minimum period in this case is four years. In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Young,* 119 Idaho 510, 808 P.2d 429 (Ct.App.1991). Thus, the question in this case is whether Wildcat's

sentence of four years was excessive under any reasonable view of the facts, considering the sentencing objectives. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). We hold that it is not.

■ We think the record in this case sufficiently establishes that the court appropriately considered the nature of the offense and the character of the offender in pronouncing sentence. Although Wildcat argues on appeal that the court placed less emphasis upon the sentencing factor of rehabilitation than upon deterrence, retribution or the protection of society, we find no error. Given the circumstances, the court reasonably concluded that the period of incarceration was necessary in order to minimize the risk of recurrence of the defendant's criminal conduct. *State v. Wolverton,* 120 Idaho 559, 817 P.2d 1083 (Ct.App.1991), *citing Toohill, supra.*

The judgment of conviction for driving under the influence, including the unified sentence of five years with four years' minimum period of confinement, is affirmed.

SWANSTROM, J., and CAREY, J., pro tem., concur.