850 P.2d 220

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Vernon Lee HILL, Defendant–Appellant.**

No. 20120.

Court of Appeals of Idaho.

April 5, 1993.

John R. Hathaway, Orofino, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Vernon Lee Hill pled guilty to one count of issuing checks for which he did not have sufficient funds, a violation of I.C. § 18–3106(b). The court imposed a sentence consisting of a wholly determinate term of three years confinement. Hill appeals, arguing the sentence is excessive based on the facts of the case, his physical disabilities, and his desire to be rehabilitated. We affirm.

The facts of this case are straightforward. On January 11, 1990, Hill opened a checking account with an initial deposit of $24. He stated that at that time, he arranged for direct deposit of his monthly social security disability check. In anticipation of a direct deposit, he wrote, in January, approximately ten checks for a total of approximately $270. Direct deposit of his disability check did not occur until February 5, 1990, after his February check

was issued. Hill was arrested and charged with grand theft and issuing bad checks. As the result of plea negotiations, he pled guilty to one count of issuing a check without sufficient funds, and after a hearing, the court imposed its sentence.

 Hill's appeal requires us to determine whether the district court abused its sentencing discretion by imposing an unduly harsh sentence. In *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1983), we noted that

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.

The reasonableness of a sentence is determined by focusing on the probable length of confinement, which, under the Unified Sentencing Act, I.C. § 19-2513, is the minimum period of incarceration imposed by the sentencing judge. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). That minimum period in this case is three years. In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Young*, 119 Idaho 510, 808 P.2d 429 (Ct.App.1991). Thus, Hill must show that his sentence of three years was excessive under any reasonable view of the facts, considering the sentencing objectives. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

 Hill received the maximum period of incarceration authorized by the statute. His crime represents the theft of goods and services from several bars near Orofino. As the district judge noted, this was not Hill's first experience with the law or this type of offense. Hill's criminal record began in 1976 when he was seventeen and was convicted of first degree theft. The district judge observed that Hill has been convicted of at least six related felonies, and we note that in the sixteen years since his first conviction for theft Hill has been convicted in Oregon and Idaho of issuing checks without sufficient funds in 1982,

1983, 1985, 1987, and 1992. He was also convicted of forgery in 1987. Multiple other charges for theft and issuing checks without sufficient funds have been lodged and dismissed. At the time of sentencing in the instant case, Hill was on probation in Ada County for issuing an insufficient funds check, a warrant had been issued for him concerning a probation violation, and he faced outstanding warrants in Oregon.

The record indicates that the district court articulated its consideration of the relevant sentencing goals, placing protection of society at the top of the list. Hill's lengthy criminal record was a motivating factor in this analysis. Although Hill argued that many of his crimes can be attributed to the loss of a leg and head injuries he suffered in a motorcycle accident in 1986, the record indicates that several of the felonies were committed before the accident. The court articulated that it might be willing to be more flexible with the sentence if the crimes could be attributed to the accident or if they were isolated events. The court found, however, that Hill's record revealed a history of theft related crimes unrelated to his physical condition. The presentence investigator and the state recommended a period of incarceration. The judge observed that Hill's prior sentences, some including probation, apparently had little effect on his propensity to try to steal from others. Concluding that probation was not a prudent option and that a lesser sentence would depreciate the seriousness of the crime, the judge ordered that Hill be incarcerated.

Our review of the record indicates that Hill's three-year sentence is not unduly harsh considering the nature of his offense and his history of theft related crimes. Therefore, we find that the district court did not abuse its discretion in imposing the sentence. The judgment of conviction and sentence are affirmed.

SWANSTROM, J., and CAREY, J., pro tem., concur.