855 P.2d 55

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John Irvin DAVIS, Defendant–Appellant.**

No. 20062.

Court of Appeals of Idaho.

June 15, 1993.

Alan E. Trimming, Ada County Public Defender, Edward B. Odessey, Deputy Public Defender, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is a sentence review. John Irvin Davis pled guilty to aggravated battery by allegedly striking and causing great bodily harm to the person of the victim. *See* I.C. §§ 18–903(b), –907(a). He was given a unified sentence of seven years with one year required as the minimum period of confinement. He has appealed his sentence, asserting that it is unreasonable and an abuse of the court's discretion. We affirm.

In *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982), we noted that

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.

The reasonableness of a sentence is determined by focusing on the probable length of confinement, which, under the Unified Sentencing Act, I.C. § 19–2513, is the minimum period of incarceration imposed by the sentencing judge. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). That minimum period in this case is one year. In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Young*, 119 Idaho 510, 808 P.2d 429 (Ct.App.1991). Thus, Davis must show that his sentence was excessive under any reasonable view of the facts, considering the sentencing objectives. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

The circumstances of this crime may be summarized as follows. On the evening of March 28, 1992, the victim was driving home on a highway near Boise after obtaining a videotape at a store. As he approached his neighborhood, a vehicle operated by the defendant pulled in front of

the victim. When the victim passed Davis, the defendant made an obscene gesture and began following the victim. As the victim started to turn into his driveway, Davis drove his vehicle into the rear of the victim's vehicle. Both drivers got out of their vehicles. Davis proceeded to hit the victim several times in the face with his fist, breaking the victim's jaw, nose and cheekbone. Davis continued to strike the victim after he fell to the ground. Davis left the scene but was arrested a few weeks later during the course of an investigation into an unrelated traffic offense he had committed. At that time the police had learned that Davis had been bragging about having been in a fight; and he confessed to the battery of the victim in this case. The victim and Davis were not acquainted with each other prior to this incident. The victim's medical expenses for his injuries, hospitalization and reconstructive surgery approximated $20,000.

Davis was 31 years old at the time he was sentenced. He was married, had five children and was employed as a construction worker. His presentence report disclosed a prior record consisting of a dismissed charge of battery at age 22; two misdemeanor convictions for driving while under the influence; misdemeanor wilful concealment and eleven traffic offenses including basic rule violation, inattentive driving, driving without privileges, following too close and failure to carry liability insurance as a driver.

The sentence imposed by the court, seven years with one year of minimum confinement, was recommended by the prosecutor. In deciding to adopt that recommendation, the court considered the need for rehabilitation of the defendant; the deterrence of Davis and other persons who may be faced with the opportunity to become involved in fights over traffic disputes; the protection of the public resulting from Davis' incarceration and rehabilitation; and retribution or punishment for "knocking the daylights out of somebody that's helpless ... a beating." At the sentencing proceeding, the court also expressed the opinion that Davis' driving record demonstrated a disrespect for the law.

It is clear that the court appropriately considered the nature of the offense, the character of the offender and the sentencing objectives in pronouncing the sentence. Upon reviewing the record, we hold that the court below did not abuse its discretion. The sentence imposed by the court was reasonable.

Accordingly, the judgment of conviction and sentence for aggravated battery are affirmed.

SWANSTROM and LANSING, JJ., concur.