IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 32637

STATE OF IDAHO,              )

                      )     **2007 Opinion No. 15**

    **Plaintiff-Respondent,**    )

                      )     **Filed: March 13, 2007**

**v.**                    )

                      )     **Stephen W. Kenyon, Clerk**

**MICHAEL SHAWN DAVIS,**    )

                      )

    **Defendant-Appellant.**    )

                      )

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County.  Hon. Steven C. Verby, District Judge.

Judgment of conviction and unified five-year sentence with two-year determinate term for possession of methamphetamine, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Michael Shawn Davis was convicted, by jury trial, of possession of methamphetamine, Idaho Code § 37-2732(c)(1).  He appeals, contending that the charging information did not allege an offense and was therefore jurisdictionally defective.  Specifically, Davis argues that the information was deficient because it omitted an element of the alleged offense--that Davis *knowingly* was in possession of methamphetamine.

The statute that Davis was charged with violating, I.C. § 37-2732(c), specifies, "It is unlawful for any person to possess a controlled substance," including methamphetamine.  The statute does not expressly require that the possession be knowing or intentional but, as Davis correctly points out, the Idaho Supreme Court has interpreted the statute to require "a general intent, that is, the knowledge that one is in possession of the substance." *State v. Fox*, 124 Idaho

924, 926, 866 P.2d 181, 183 (1993). *See also State v. Seitter*, 127 Idaho 356, 360, 900 P.2d 1367, 1371 (1995).

The information filed against Davis alleges that he committed the crime of "Possession of a Controlled Substance, Methamphetamine, a Felony, in violation of Idaho Code § 37-2732(c)(1)" and that he committed that offense by "unlawfully possess[ing] a controlled substance, to wit: Methamphetamine . . . ." Davis did not object to the sufficiency of this information in the trial court. On appeal, however, he contends that because the information contains no allegation that he knowingly or intentionally possessed the substance, the information does not allege all the elements of the crime and therefore does not charge an offense sufficient to confer jurisdiction on the Idaho courts.

Subject matter jurisdiction in a criminal case arises from the filing of a charging document alleging that an offense was committed within the state of Idaho. Idaho Criminal Rule 12(b)(2); *State v. Jones*, 140 Idaho 755, 757-58, 101 P.3d 699, 701-02 (2004); *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). A jurisdictional challenge to a charging document may be raised at any time, including for the first time on appeal. *Jones*, 140 Idaho at 758, 101 P.3d at 702. Where an objection that a charging document is jurisdictionally deficient is not made before trial, however, liberal construction standards apply. *Id.* at 759, 101 P.3d at 703; *State v. Murray*, 143 Idaho 532, 536 n.3, 148 P.3d 1278, 1282 n.3 (Ct. App. 2006). In that circumstance, the charging document will be upheld "unless it is so defective that it does not, by any fair or reasonable construction, charge an offense for which the defendant is convicted." *Jones*, 140 Idaho at 759, 101 P.3d at 703 (quoting *State v. Cahoon*, 116 Idaho 399, 400, 775 P.2d 1241, 1242 (1989)). This liberal standard confers upon a reviewing court "considerable leeway to imply the necessary allegations from the language of the Information." *State v. Robran*, 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct. App. 1991). Moreover, in *Jones* and in *State v. Quintero*, 141 Idaho 619, 115 P.3d 710 (2005), the Supreme Court held that when an objection to a charging document is tardily made, if the applicable code section is named in the charging document, the statutory language may be read into the text of the charge to determine jurisdictional sufficiency.

Davis argues that the information in his case was deficient, even under the liberal construction rule of *Jones* and *Quintero*, because although the statute was cited in the charging information, the statute does not expressly include the knowledge element for possession of a

controlled substance, and therefore reading the language of the statute into the charging document does not cure the asserted deficiency.

We conclude that the charging information in Davis's case was nevertheless sufficient to confer jurisdiction. The information specifically alleges that Davis was in "possession" of methamphetamine and that he "unlawfully" possessed the drug. Each of these terms is sufficient to imply the missing knowledge element. While it is possible to have an item on one's person and be unaware of its presence, the term "possession," as commonly employed, fairly implies that a person knows of the item's presence and intends to hold it. Further, the allegation that Davis "unlawfully" possessed the drug necessarily implies that he knew of its presence, for without that knowledge his act would not be unlawful. The inclusion of this modifier excludes innocent, unknowing possession. Consequently, employing the liberal construction standards that apply because this issue is raised for the first time on appeal, we hold that the information was sufficient to charge the crime and to vest the district court with jurisdiction to hear the case.[1]

Davis also asserts that his unified sentence of five years, with two years determinate, is excessive. The objectives of sentencing, against which the reasonableness of a sentence is to be measured, are the protection of society, the deterrence of crime, the rehabilitation of the offender and punishment or retribution. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Young*, 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct. App. 1991). We will find that the trial court abused its discretion in sentencing only if the defendant, in light of the objectives of sentencing, shows that his sentence was excessive under any reasonable view of the facts. *State v. Charboneau*, 124 Idaho 497, 499, 861 P.2d 67, 69 (1993); *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

Applying these standards, and in view of Davis's extensive criminal record, we cannot say that the district court abused its discretion in fashioning the sentence.

---

[1]     We do not hold or imply that this allegation would be sufficient to put a defendant on notice of the knowledge element. The court in *Jones* made clear that adequacy of notice to the defendant is not the focus in determining jurisdictional sufficiency. *Jones*, 140 Idaho at 758-59, 101 P.3d at 702-03. *See also Murray*, 143 Idaho at 535, 148 P.3d at 1281. Concerns about

The judgment of conviction and sentence are affirmed.

Chief Judge PERRY and Judge GUTIERREZ **CONCUR.**

---

notice to the defendant are addressed by the constitutional guarantee of due process, *see id.*, but no violation of due process is asserted here.