IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39135

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 582 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 7, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LUKE ALAN WALSH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Order denying motion to withdraw guilty plea, affirmed.

Sara B. Thomas, State Appellate Public Defender; Erik R. Lehtinen, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Luke Alan Walsh appeals from his conviction for conspiracy to violate the Uniform Controlled Substances Act. He asserts that the district court erred by denying his motion to withdraw his guilty plea. We affirm.

## I.

## BACKGROUND

On March 8, 2011, Jordan Dunn's probation officer discovered a text message on Dunn's cell phone asking, "What you got?" It was later determined that the message was sent by Walsh. Another officer used Dunn's phone to respond to Walsh's message. The officer negotiated, via text messages, the sale of a half gram of cocaine for forty dollars and arranged to meet Walsh at a nearby church. Believing that he had arranged to purchase cocaine from Dunn, Walsh arrived at the church a short time later carrying forty dollars and his cell phone, which the officers used

1

to identify him as the individual they had been communicating with. Walsh was arrested and admitted that he went to the church for the purpose of purchasing cocaine.

Walsh was charged with conspiracy to violate the Uniform Controlled Substances Act, Idaho Code §§ 37-2732(f), 18-1701. Count I of the information alleged that Walsh "did willfully and knowingly combine, conspire, confederate, and agree with another person to possess" cocaine, and that Walsh sent text messages to Dunn's phone to arrange the transaction and thereafter went to the church with the agreed upon amount of forty dollars in furtherance of the conspiracy. Pursuant to a plea agreement, Walsh pleaded guilty to the charge of conspiracy and the State recommended that Walsh participate in drug court. The court accepted Walsh's plea and the State's recommendation, but Walsh's participation in drug court was terminated when he did not attend the required proceedings, and his case was transferred back to the district court for further proceedings. Walsh then filed a motion to withdraw his guilty plea and asserted that he could not be guilty of conspiracy with a law enforcement officer. The district court denied the motion, and Walsh appeals.

## II.

## ANALYSIS

Walsh asserts that the district court should have granted his motion to withdraw his guilty plea because the district court lacked jurisdiction to accept the plea. Walsh frames the issue both as a jurisdictional challenge, and as an argument that Walsh presented a "just reason" to withdraw the plea.

### A.    Jurisdiction

Subject matter jurisdiction in a criminal case arises from the filing of a charging document alleging that an offense was committed within the state of Idaho. Idaho Criminal Rule 12(b)(2); *State v. Jones*, 140 Idaho 755, 757-58, 101 P.3d 699, 701-02 (2004); *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004); *State v. Davis*, 144 Idaho 276, 278, 159 P.3d 913, 915 (Ct. App. 2007). A jurisdictional challenge to a charging document may be raised at any time, including for the first time on appeal. *Jones*, 140 Idaho at 758, 101 P.3d at 702. Nevertheless, where an objection that a charging document is jurisdictionally deficient is not made before trial or entry of a guilty plea, liberal construction standards apply. *Id.* at 759, 101 P.3d at 703; *State v. Murray*, 143 Idaho 532, 536 n.3, 148 P.3d 1278, 1282 n.3 (Ct. App. 2006). In that circumstance, the charging document will be upheld "unless it is so defective that it does

not, by any fair or reasonable construction, charge an offense for which the defendant is convicted." *Jones*, 140 Idaho at 759, 101 P.3d at 703 (quoting *State v. Cahoon*, 116 Idaho 399, 400, 775 P.2d 1241, 1242 (1989)). "This liberal standard confers upon a reviewing court 'considerable leeway to imply the necessary allegations from the language of the Information.'" *Davis*, 144 Idaho at 278, 159 P.3d at 915 (quoting *State v. Robran*, 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct. App. 1991)). In short, when considering a post-trial challenge to the jurisdictional sufficiency of the information, a reviewing court need only determine that, at a minimum, the information contains a statement of the territorial jurisdiction of the court below and a citation to the applicable section of the Idaho Code. *State v. Quintero*, 141 Idaho 619, 622, 115 P.3d 710, 713 (2005). It is a "rare circumstance where a charging document fails, under even the most liberal construction, to charge an offense and therefore is insufficient to confer subject matter jurisdiction on an Idaho court." *Murray*, 143 Idaho at 537, 148 P.3d at 1283.

Walsh was charged with criminal conspiracy. A criminal conspiracy is committed when "two (2) or more persons combine or conspire to commit any crime or offense prescribed by the laws of the state of Idaho, and one (1) or more of such persons does any act to effect the object of the combination or conspiracy." I.C. § 18-1701. *See also* I.C. § 37-2732(f). The information in this case alleged that Walsh "did willfully and knowingly combine, conspire, confederate, and agree with another person to possess . . . cocaine . . . in violation of I.C. sections 37-2732, 18-1701" and that Walsh did various acts "to effect the objects thereof" including making arrangements to purchase cocaine and traveling to the agreed upon location with the agreed upon purchase price.

Walsh asserts that the information did not charge him with a crime because the person with whom he allegedly conspired with was a police officer and "a conspiracy cannot be committed with a law enforcement officer." Thus, he asserts, the court lacked subject matter jurisdiction. Walsh relies upon two federal circuit court decisions, *United States v. Escobar de Bright*, 742 F.2d 1196 (9th Cir. 1984) and *Sears v. United States*, 343 F.2d 139 (5th Cir. 1965). In each of those cases, the courts stated that "as it takes two to conspire, there can be no indictable conspiracy with a government informer who secretly intends to frustrate the conspiracy." *Escobar de Bright*, 742 F.2d at 1198; *Sears*, 343 F.2d at 142. In both *Escobar de Bright* and *Sears*, the courts determined that the question whether the defendant was guilty when the defendant dealt with a government agent was a matter for the jury. *See Escobar de*

3

*Bright*, 742 F.2d at 1201 (holding that the defendant was entitled to a jury instruction); *Sears*, 343 F.2d at 142 (same). Despite the court's use of language indicating that there can be no "indictable conspiracy" with a government informer, neither the Ninth nor the Fifth Circuit Court of Appeals held that the charging document failed to charge a crime in such a situation.

Even if we assume, without deciding, that the rule from *Escobar de Bright* and *Sears* is the law in Idaho, it does not follow that the information here was inadequate to confer jurisdiction on the trial court. The information, on its face, alleged a crime, asserting that Walsh conspired "with another person," and it cited the statutes that were allegedly violated. It did not name the co-conspirator or identify the co-conspirator as a police officer. Since the information contained both a citation to the applicable section of the Idaho Code as well as allegations of every element of a criminal conspiracy as defined therein, and that the conspiracy occurred in the state of Idaho, it sufficiently charged the crime of conspiracy to possess a controlled substance. Therefore, the information conferred subject matter jurisdiction upon the court. The existence of a possible defense to the alleged crime would not divest the trial court of jurisdiction.

## B. Just Reason

Walsh also asserts that the district court erred by denying his motion to withdraw his guilty plea because the court's lack of jurisdiction constitutes a "just reason" to withdraw his plea. Because we have already concluded that the court did not lack jurisdiction, this argument fails. However, to the extent that Walsh argued below that the just reason for the withdrawal of his guilty plea was his post-plea discovery of a possible defense, and to the extent that Walsh's brief on appeal could be interpreted as advancing this issue on appeal, we will briefly address it.

Whether to grant a motion to withdraw a guilty plea is left to the sound discretion of the district court, and such discretion should be liberally applied. *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008). Nevertheless, the defendant bears the burden of showing that withdrawal of the plea should be allowed. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993); *Zepeda v. State*, 152 Idaho 710, 715, 274 P.3d 11, 16 (Ct. App. 2012). The failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *Dopp*, 124 Idaho at 485, 861 P.2d at 55. When the motion is made before sentencing, a defendant need only show a "just reason" to withdraw the plea, *Arthur*, 145 Idaho at 222, 177 P.3d at 969; *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988), but "withdrawal is not an automatic right and more substantial reasons than just asserting legal

4

innocence must be given." *Dopp*, 124 Idaho at 486, 861 P.2d at 56; *Zepeda*, 152 Idaho at 716, 274 P.3d at 17.

Walsh asked to withdraw his guilty plea on the ground that he discovered that he may have a defense to criminal conspiracy after he entered his plea. However, Walsh's own affidavit ambiguously suggested that he may have known of this defense at the time of the guilty plea. In the affidavit, Walsh stated, "My attorney had advised me that he wanted to take the matter to trial because he doubted that a crime had taken place, but given my belief that Jordan Dunn was involved, I chose to enter my plea." It is undisputed that Walsh was aware, at the time he entered his plea, that his negotiations for the purchase of cocaine had been made with police officers, not Dunn, and the affidavit suggests, albeit obliquely, that his attorney advised him of a possible defense based on that fact. It is entirely plausible that Walsh may have elected to plead guilty despite awareness of a potential defense because he anticipated that even if a successful defense to conspiracy existed, the charge could be amended to allege a slightly different offense, such as attempt to possess a controlled substance, *see* I.C. § 18-306, for which the defense would not be available.

We have previously recognized that where the defendant moves to withdraw his plea before the imposition of sentence, but after he has read his presentence report or received other information about his probable sentence, the court may temper its liberality by weighing the defendant's apparent motive. *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004); *State v. Johnson*, 120 Idaho 408, 411, 816 P.2d 364, 367 (Ct. App. 1991); *State v. Hocker*, 115 Idaho 137, 139, 765 P.2d 162, 164 (Ct. App. 1988). This case presents an analogous situation. The plea agreement called for the State to recommend Walsh for participation in drug court. Thus, by entering into the plea agreement, Walsh traded the proceedings in the district court, which likely would have included trial and the chance to have a jury consider his defense, for the opportunity to proceed in drug court, obtain treatment, and ultimately perhaps obtain dismissal of the charge. Only after Walsh obtained the benefit of the State's recommendation, but was subsequently terminated from the drug court program, did he attempt to withdraw his plea. It was within the trial court's discretion to consider this fact as relevant to Walsh's motive for seeking to retract his plea. *See State v. Doe*, 138 Idaho 409, 411, 64 P.3d 335, 337 (Ct. App. 2003) (holding that after the State received the benefit of a plea agreement, and then violated its

5

terms, the court had discretion to hold the State to its bargain). *Cf. McKay v. Owens*, 130 Idaho 148, 152, 937 P.2d 1222, 1226 (1997) (discussing the doctrine of judicial estoppel).

Walsh bore the burden of demonstrating a just reason for the withdrawal of his guilty plea. If Walsh intended to assert a post-plea discovery of the existence of a defense as just reason for the withdrawal of his plea, he bore the burden of demonstrating to the district court that he was not aware of the defense at the time he entered his plea. He did not meet that burden. Therefore, the district court did not abuse its discretion by denying Walsh's motion to withdraw his guilty plea.

## III.

## CONCLUSION

The district court was vested with subject matter jurisdiction by the information charging Walsh with the elements of criminal conspiracy. The possibility that Walsh had a valid defense did not divest the court of jurisdiction. Walsh did not demonstrate a just reason for the withdrawal of his guilty plea, and therefore the district court's order denying his motion to withdraw the guilty plea is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**