# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51335

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
| Plaintiff-Respondent, | ) Filed: August 13, 2024 |
| | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| GUY THEODORE HLADKY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barry McHugh, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for sexual abuse of a child, <u>affirmed</u>.

Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Guy Theodore Hladky pled guilty to an amended charge of sexual abuse of a child. I.C. § 18-1506(1)(b). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Hladky to a unified term of ten years, with a minimum period of confinement of three years. Hladky appeals, arguing that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984);

1

*State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). It is well established that a sentencing court is entitled to consider a wide range of information in determining the appropriate sentence for a defendant, including the nature of the offense and the character of the offender. *State v. Wildcat*, 123 Idaho 514, 515, 849 P.2d 975, 976 (Ct. App. 1993); *State v. Barnes*, 121 Idaho 409, 411, 825 P.2d 506, 508 (Ct. App. 1992). Such information may include, with due caution, consideration of the defendant's alleged criminal activity for which no charges have been filed. *See Barnes*, 121 Idaho at 411, 825 P.2d at 508.

When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Hladky's judgment of conviction and sentence are affirmed.